UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH PERKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL CUSTOM COMMERCE, INC., and HOME DEPOT U.S.A., INC.,<br><br>Defendants. | Case No.: 2:25-cv-1750<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>King County Superior Court<br>Case No. 25-2-22916-5 KNT |

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE**:

PLEASE TAKE NOTICE THAT Defendants Global Custom Commerce, Inc. ("GCC") and Home Depot U.S.A., Inc. ("Home Depot") hereby file this Notice of Removal of this action from the Superior Court of the State of Washington, King County, to the United States District Court for the Western District of Washington, Seattle Division.[1] This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court.[2]

[1] The Complaint misidentifies GCC and Home Depot as separate entities. GCC is only a trade name for Home Depot, so GCC is not a proper defendant.

[2] Home Depot reserves all rights to assert any and all defenses to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.



BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

## I. TIMELINESS OF REMOVAL - PROCEDURAL HISTORY

1. Home Depot has been sued in a civil action entitled *Perkins v. Global Custom Commerce, Inc. et al.,* Case No. 25-2-22916-5 KNT, in the Superior Court of the State of Washington, King County (the "State Court Action").

2. Plaintiff Sarah Perkins ("Plaintiff") filed her initial Complaint attached as **Exhibit A** on August 7, 2025, asserting violations of Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190.090 *et seq.* and the Washington Consumer Protection Action ("CPA"), RCW 19.86.090 *et seq.*, on behalf of herself and a putative Washington class. Compl. ¶¶ 54, 64–73, 74–89. Plaintiff alleges that Home Depot violated the Washington CEMA and CPA by "initiating the transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line." *Id.* ¶¶ 5, 67, 77.

3. Home Depot was served with notice of process for the Complaint on August 12, 2025, which is attached as **Exhibit B**.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings on file with the Superior Court of the State of Washington, King County are attached to the Verification of State Court Records filed with this Notice.

## II. VENUE AND JURISDICTION

5. Home Depot denies that Plaintiff has adequately alleged personal jurisdiction exists in this action, and Home Depot does not waive any applicable personal jurisdiction defense.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 128(b), 1391, 1441(a), and 1446(a), because the Superior Court of the State of Washington, King County, where the State Court Action is pending, is a state court within the Western District of Washington, Seattle Division. *See* LCR 3(e)(1).

7. As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

8. All other requirements for removal are satisfied.



BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

## III. BASES FOR REMOVAL

### A. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

9. The Court has subject-matter jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

10. As set forth below, this is a putative class action in which: (1) Plaintiff alleges there are more than 100 members in the purported class; (2) at least one member of the proposed class is a citizen of a different state than Home Depot; and (3) based upon the allegations in the Complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. *See* Compl. ¶¶ 10, 12, 13, 23, 56, 58, 88. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

#### 1. Plaintiff's Proposed Class Consists of More Than 100 Members.

11. In the Complaint, Plaintiff purports to seek damages on behalf of herself and a Washington class, consisting of "[a]ll Washington residents who, during the Class Period, received promotional emails from Blinds.com with subject lines advertising sales or discounts." Compl. ¶ 54.

12. Plaintiff alleges in the Complaint that "[t]here are at least thousands of Class members in Washington." *Id.* ¶ 58.

13. Accordingly, based on the allegations in the Complaint, the aggregate number of members of the alleged class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

#### 2. Minimal Diversity Exists.

14. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse—that is, where "any member of a class of plaintiffs is a citizen of a State



BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15. Home Depot is, and was at the time it was served with the Complaint, a corporation duly organized and validly existing under the laws of the State of Delaware, and Home Depot maintains its principal place of business in Georgia. Compl. ¶ 13. Home Depot, therefore, is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1). GCC is not a separate legal entity. GCC is only a Home Depot trade name, which means that it is not a citizen of any state.

16. Based upon the allegations of the Complaint, Plaintiff is a citizen of Washington. Compl. ¶ 10 ("Plaintiff Sarah Perkins is domiciled in Burien, Washington and has been a resident of Washington during the preceding four years.").

17. Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

**3. The Amount in Controversy Requirement Is Satisfied.**

18. Plaintiff alleges that Home Depot violated Washington's CEMA and CPA by, among other things, "initiating the transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line." Compl. ¶¶ 67, 77.

19. Plaintiff seeks remedies including (1) the greater of actual or statutory damages, (2) treble damages, (3) punitive damages, (4) injunctive relief, (5) pre- and post-judgment interest, and (6) attorney's fees and costs. *See id.* ¶ 91, pp. 17–18 (Prayer for Relief).

20. Plaintiff seeks actual damages or statutory damages of $500 per email that purportedly violates CEMA, whichever is greater, in addition to treble damages, which are permitted under the CPA in appropriate circumstances, including for certain CEMA violations. Compl. ¶ 88; *see also* RCW 19.190.040 ("Damages to the recipient of a commercial electronic mail message or a commercial electronic text message sent in violation of this chapter are five hundred dollars, or actual damages.").



BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

21. Plaintiff alleges in the Complaint that Home Depot sent dozens of promotional emails to each member of the putative class across the applicable limitations period and that statutory damages should be awarded at "$500 per email." Compl. ¶ 23, 56, 58, 88.

22. Home Depot denies that its pricing and email practices violated Washington's CEMA or CPA; Home Depot will show that Plaintiff's claims fail on the merits and class certification is not appropriate in this action; and Defendants further deny that Plaintiff or the alleged class are due any amount of damages, statutory, compensatory or otherwise.

23. Nevertheless, assuming conservatively that each of the more than 1,000 alleged class members received at least 12 promotional emails, Plaintiff is seeking more than $5 million in statutory damages ($500 x 12 emails x 1,000 class members = $6,000,000). Accordingly, the amount-in-controversy requirement under 28 U.S.C. § 1332(d) is satisfied.[3]

**B. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.**

24. CAFA jurisdiction does not apply where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief[.]" 28 U.S.C. § 1332(d)(5)(A). Home Depot is not a State, State official, or governmental entity.

25. The Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b). Home Depot was served with the initial complaint on August 12, 2025. Thus, Home Depot files this Notice of Removal within 30 days of its receipt of the initial Complaint.

26. Pursuant to the requirements of 28 U.S.C § 1446(b)(2)(A), all Defendants consent to removal by filing this Notice of Removal.

---

[3] Home Depot reserves the right to present additional evidence concerning Plaintiff's purported damages and the other elements of Plaintiff's requested relief, including injunctive relief and attorney's fees, should Plaintiff contend that the amount-in-controversy requirement is not satisfied in this case. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *see also* RCW 19.138.280 (allowing for recovery of attorneys' fees).



BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052

27. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of such filing will be served by the undersigned on the Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of Washington, King County.

28. By filing this Notice of Removal, Home Depot does not waive any defense and instead reserves all such defenses, including but not limited to those related to lack of personal jurisdiction.

## IV. CONCLUSION

29. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

30. Wherefore, Home Depot gives notice that the matter bearing case number 25-2-22916-5 KNT, pending in the Superior Court of the State of Washington, King County, is removed to the United States District Court for the Western District of Washington.

DATED this 10th day of September, 2025.

BUCHALTER
A Professional Corporation

*s/ Alexandra M. Shulman*
Alexandra M. Shulman, WSBA No. 48888
Email: ashulman@buchalter.com

*s/ Jeffrey R. Kaatz*
Jeffrey R. Kaatz, WSBA No. 49709
Email: jkaatz@buchalter.com

1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Phone: 206-319-7052

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' NOTICE OF REMOVAL by the method(s) indicated on the date set forth below on the following parties:

Cody Hoesly, WSBA No. 41190
Email: choesly@barsinger.com
BARG SINGER HOESLY PC
121 SW Morrison Street, Suite 600
Portland, OR 97204
Telephone: 503-241-3311

Alexander E. Wolf
Email: awolf@milberg.com
MELBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
280 South Beverly Drive, PH
Beverly Hills, CA 90212
Telephone: 872-365-7060

William J. Edelman
Email: wedelman@milberg.com
MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 771-474-1121

*Attorneys for Plaintiff*

by ☒ mailing; ☒ e-mailing; ☒ CM/ECF electronic service at the party's email address as recorded on the date of service in the court's eFiling system.

DATED this 10th day of September, 2025.

*s/ Alexandra M. Shulman*
Alexandra M. Shulman, WSBA No. 48888



BUCHALTER
A Professional Corporation
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
Telephone: 206-319-7052