HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARAH PERKINS, *individually and on behalf of all others similarly situated*,

Plaintiff,

and

STATE OF WASHINGTON,

Plaintiff-Intervenor,

v.

GLOBAL CUSTOM COMMERCE, INC., and HOME DEPOT U.S.A., INC.,

Defendants.

Case No. 2:25-cv-01750-RAJ

ORDER STAYING CASE

## I. INTRODUCTION

THIS MATTER comes before the Court on (1) the responses of Plaintiff Sarah Perkins and Defendants Global Custom Commerce, Inc., and Home Depot U.S.A., Inc., to the Court's September 10, 2026 Order to Show Cause, and (2) Defendants' Motion to Dismiss. Dkt. Nos. 19, 48, 51–52. For the reasons set forth below, the Court **STAYS** this matter and **DENIES** Defendants' Motion to Dismiss without prejudice.

## II. BACKGROUND

This is a putative class action against Defendants for violations of Washington's Consumer Electronic Mail Act ("CEMA"), RCW 19.190.020(1)(b), and the Consumer Protection Act ("CPA"), RCW 19.86.020. Dkt. No. 1-1. Plaintiff alleges that Defendants sent promotional emails to Plaintiff and other Washington consumers containing misleading subject lines. *Id.* In their Motion to Dismiss, Defendants argue primarily that Plaintiff's claims should be dismissed because (1) CEMA is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. § 7701 *et seq.* (the "CAN-SPAM Act") and (2) CEMA violates the dormant Commerce Clause. Dkt. No. 19 at 7–8.

After reviewing the record, the Court ordered the parties to show cause (1) why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction; and (2) why this case should not be stayed pending the resolution of *Montes v. Penney Opco, LLC*, No. 26-241 (9th Cir.) ("*Montes II*"). Plaintiff opposes a stay, arguing that the Court should remand this case if it has "substantial doubt" about its subject matter jurisdiction. Dkt. No. 51. Defendants argue that Plaintiff has Article III standing such that this Court has jurisdiction over this action, but they also argue that a stay is warranted pending resolution of *Montes II*. Dkt. No. 52.

## III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court's authority extends to staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979), *cert. denied*, 444 U.S. 827 (1979)). In determining whether a stay is appropriate, the court must weigh "the competing interests which will be

affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). These interests include: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*

**IV. DISCUSSION**

The Court finds that the *Landis* factors support a stay pending the Ninth Circuit's resolution of *Montes II*. *Landis*, 299 U.S. at 254–55. First, there is little damage likely to result from granting a stay, given the early stage of this litigation. *Arcand v. Catalyst Brands LLC*, No. 2:25-cv-01445-DGE, 2026 WL 369417, at *3 (W.D. Wash. Feb. 10, 2026) (staying action where "the case is in the early stages of litigation, very little substantive work has been done in this case, and there are no immediately pressing deadlines"). Second, requiring the parties to go forward pending the Ninth Circuit's resolution of *Montes II* risks inconsistent rulings, wasted judicial and attorney resources, and duplicative proceedings. Finally, the Ninth Circuit's ruling in *Montes II* will simplify a question of law that is "directly on-point and will be dispositive on the threshold Article III jurisdictional question." *Meadows v. Lands' End, Inc.*, No. 3:25-cv-05841-BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026). Recognizing this, numerous courts in this district have stayed virtually identical CEMA/CPA actions pending resolution of the appeals in *Montes II* and *Montes v. SPARC Group, LLC*, No. 23-35496 (9th Cir.). *Id.* (collecting cases). A stay would therefore promote the orderly course of justice.

//

//

//

//

//

## V. CONCLUSION

For the foregoing reasons, this matter is **STAYED** pending the Ninth Circuit's resolution of *Montes II*. Defendants' Motion to Dismiss, Dkt. No. 19, is **DENIED WITHOUT PREJUDICE** to refile following the Ninth Circuit's decision in *Montes II*, as applicable. The parties shall submit a joint status report within 14 days of the Ninth Circuit's decision.

Dated this 23rd day of September, 2026.

The Honorable Richard A. Jones
United States District Judge